**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MYESHA COLLIER** | **CIVIL ACTION NO. 3:23-cv-00191** |
| **VERSUS** | |
| | **JUDGE** |
| **TDN LOGISTICS, LLC, UNITED WISCONSIN INSURANCE COMPANY, AND JON D. HERNANDEZ** | **MAGISTRATE** |

**DEFENDANTS' ANSWER TO THE PETITION FOR DAMAGES AND THE FIRST AMENDED PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come Defendants, TDN Logistics, LLC, United Wisconsin Insurance Company and Jon D. Hernandez (collectively, "Defendants"), which, for their Answer and Affirmative Defenses to the Petition for Damages and the First Amended Petition for Damages (collectively referred to as "Petitions") filed by Plaintiff, Myesha Collier ("Plaintiff"), respectfully aver as follows:

The allegations preceding Paragraph 1 of the Petition for Damages do not require a response from Defendants.

1.

The allegations contained in Paragraph 1 of the Petitions are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

2.

The allegations contained in Section (1) of Paragraph 2 of the Petitions are admitted in part and denied in part. It is admitted that TDN Logistics, LLC is domiciled in Texas and was the owner of the tractor-trailer involved in the subject accident. All remaining allegations are denied. Answering further, they are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

1

The allegations contained in Section (2) of Paragraph 2 of the Petitions are admitted in part and denied in part. It is admitted that United Wisconsin Insurance Company is a foreign insurance company authorized to do and doing business in Louisiana. It is further admitted that United Wisconsin Insurance Company issued Policy Number UWPGA2174-03 to TDN Logistics, LLC as the Named Insured with a policy period of March 26, 2021 to March 26, 2022. All remaining allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. The Policy, as a written document, is the best evidence of its terms, conditions, coverages, limits, exclusions, endorsements, etc and is reference as if copied *in extenso* herein.

The allegations contained in Section (3) of Paragraph 2 of the Petitions are admitted in part and denied in part. It is admitted that Jon D. Hernandez is a person of the full age of majority and who is domiciled in the State of Texas. It is further admitted that Jon D. Hernandez was operating the 2017 Kenworth tractor-trailer involved in the subject accident. All remaining allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

3.

The allegations contained in Paragraph 3 of the Petitions are denied as written. Answering further, the allegations are denied as they contain or call for a legal conclusion on a substantive issue of law and/or fact.

4.

The allegations contained in Paragraph 4 of the Petitions are denied as written. Answering further, the allegations are denied as they contain or call for a legal conclusion on a substantive issue of law and/or fact.

5.

The allegations contained in Paragraph 5 of the Petitions are denied as written as they contain or call for a legal conclusion on a substantive issue of law or fact.

6.

The allegations contained in Paragraph 6 of the Petitions are denied. Answering further, they are denied as written as they contain or call for a legal conclusion on a substantive issue of law or fact.

7.

The allegations contained in Paragraph 7 of the Petitions are denied. Answering further, the allegations are denied as written as they contain or call for a legal conclusion on a substantive issue of law or fact.

8.

The allegations contained in Paragraph 8 of the Petitions, including sections A-L, are denied. Answering further, they are denied as written as they contain or call for a legal conclusion on a substantive issue of law or fact.

9.

The allegations contained in Paragraph 9 of the Petitions are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

10.

The allegations contained in Paragraph 10 of the Petitions are denied.

11.

The allegations contained in Paragraph 11 of the Petitions, including sections A-I, are denied. Answering further, they are denied as written as they contain, or call for a legal conclusion on a substantive issue of law or fact.

12.

The allegations contained in Paragraph 12 of the Petitions are denied.

13.

The allegations contained in Paragraph 13 of the Petitions are denied.

14.

The allegations contained in Paragraph 14 of the Petitions are admitted in part and denied in part. It is admitted that United Wisconsin Insurance Company issued Policy Number UWPGA2174-03 to TDN Logistics, LLC as the Named Insured with a policy period of March 26, 2021 to March 26, 2022. All remaining allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. The Policy, as a written document, is the best evidence of its terms, conditions, coverages, limits, exclusions, endorsements, etc and is reference as if copied *in extenso* herein.

15.

The allegations contained in Paragraph 15 of the Petitions are admitted in part and denied in part. It is admitted that United Wisconsin Insurance Company issued Policy Number UWPGA2174-03 to TDN Logistics, LLC as the Named Insured with a policy period of March 26, 2021 to March 26, 2022. All remaining allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. The Policy, as a written document,

is the best evidence of its terms, conditions, coverages, limits, exclusions, endorsements, etc and is reference as if copied *in extenso* herein.

16.

The allegations contained in Paragraph 16 of the Petitions, including sections (1)-(9) are denied.

17.

The allegations contained in Paragraph 16 of the Petitions are denied.

18.

The allegations contained in Paragraph 18 of the Petitions are denied.  Answering further, the allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

19.

The allegations contained in Paragraph 19 of the Petitions do not require a response.

The allegations contained in the paragraph following Paragraph 19 of the Petitions, including sections (1)–(11) are denied.  Answering further, they are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

## AFFIRMATIVE DEFENSES

**AND NOW**, in further answer, defense and response to the Petition for Damages and the First Amended Petition for Damages, Defendants present the following affirmative defenses:

20.

Defendants allege and aver that Plaintiff, Myesha Collier, was solely at fault for the accident that is subject of the instant litigation, including but not limited to the following:

- Failing to control her vehicle;
- Failing to see what should be observable;
- Failing to properly stop at a stop sign;
- Failing to yield to the motorist who had the right-of-way;
- Failing to maintain a proper lookout generally and failure to keep a proper lookout specifically for both oncoming and over-taking traffic in order to ascertain the left turn can be made with reasonable safety;
- Failing to exercise reasonable care under the circumstances;

Defendants will amend this affirmative defense upon receipt of additional information.

21.

Defendants allege and aver that any damages and/or losses and/or expenses incurred by the Plaintiff were caused by the fault, neglect and/or negligence of Plaintiff, and/or by the fault, neglect and/or negligence of individuals for whom Defendants are not responsible, which said negligence bars or reduces the amount of damages for which Defendants are responsible herein.

22.

Defendants further allege and aver that any damages allegedly sustained by the Plaintiff were solely and proximately the result of Plaintiff's voluntary assumption of known risks, dangers and/or hazards, all of which were plainly observable, obvious and well known to Plaintiff and, thus, Plaintiff is now estopped from claiming the right of recovery whatsoever against Defendants for any alleged injuries and/or damages allegedly sustained by the Plaintiff.

23.

Defendants assert the provisions of Louisiana Civil Code Articles 2323 and 2324 for assessment of fault against all persons and entities, including but not limited to Plaintiff and/or any nonparties to this action who were involved in the subject accident, whose actions in any way contributed to Plaintiff's alleged injuries and damages, which alleged injuries and damages are specifically denied, which will either serve as a complete bar to recovery against Defendants, or in the alternative, should appropriately reduce Plaintiff's recovery against Defendants herein.

24.

In the event judgment is rendered in the main demand in any amount whatsoever, which is denied, Defendants are entitled to a reduction of any judgment rendered against it to the extent of the percentage of fault allocated to any released or unnamed, solidary or other obligor.

25.

In an abundance of caution, Defendants allege the subject accident was caused by unforeseen or unforeseeable circumstances and/or was the result of a sudden emergency and, thus, Defendants cannot be responsible and/or liable to Plaintiff herein.

26.

In an abundance of caution, Defendants aver that if they should be found liable for Plaintiff's alleged injuries and damages, all of which are specifically denied, then any recovery by Plaintiff should be barred or appropriately reduced by Plaintiff's failure to mitigate her damages.

27.

Defendants allege the injuries or damages alleged by Plaintiff resulted from a previous cause, incident or accident, pre-existing conditions or accidents or trauma, and/or from a

subsequently occurring, superseding and/or intervening cause, incident or accident, and that none of which are related to the subject accident, which is plead in bar of or diminution of any recovery.

28.

Defendants aver any injuries and damages allegedly sustained by Plaintiff, which are specifically denied, were incurred by Plaintiff as a result of a separate, intervening and/or superseding event, which is plead in bar of or diminution of any recovery.

29.

In further answering, if Defendants are found to owe payments to Plaintiff, which is at all times denied, Defendants aver they are entitled to a credit and/or set off for any and all sums paid to or on behalf of Plaintiff by Defendants, by any other party to this action, and/or by any insurer, person or entity, including, but not limited to, all medical benefits and indemnity payments paid to or on behalf of Plaintiff by a workers' compensation insurer, a health insurer, Medicare, Medicaid, and/or by Plaintiff's counsel, and Defendants expressly plead extinguishment of any obligation due to Plaintiff to the full extent of any such payments.

30.

Defendants aver that recovery, if any, of medical expenses by Plaintiff should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiff and/or by any health insurer on their behalf, after credit for all contractual adjustments, write-offs or other credits or offsets.  Any medical billing that is beyond reasonable, customary and actual charges for the services provided, if existent, should be disregarded, and any recovery by Plaintiff thereof should be reduced to the reasonable, customary and actual expense, with applicable credits applied thereto.

31.

Defendants aver that for any of Plaintiff's medical expenses related to the accident sued upon which were paid by workers' compensation, Plaintiff may only recover the discounted amount of the medical expenses actually paid by workers' compensation, rather than any higher amounts charged or billed by the medical providers which rendered the treatment. *See Simmons v. Cornerstone Investments, LLC*, 2018-0735 (La. 5/8/19), 282 So.3d 199 (holding that the discount in the amount of medical expenses paid through workers' compensation is not payment to a plaintiff from a collateral source and, therefore, is not recoverable by a plaintiff in a tort suit).

32.

In an abundance of caution, Defendants plead the applicability of the "No Pay/No Play" Statute, Louisiana Revised Statutes 32:866 *et seq*., to the extent applicable herein.

33.

Defendants further plead and assert any and all applicable affirmative defenses set forth in the Louisiana Code of Civil Procedure.

34.

Defendants aver that any insurance policy issued by United Wisconsin Insurance Company including but not limited to any policy with a policy term encapsulating the date of the subject alleged accident, being a written contract, is the best evidence of the contents and terms, conditions, limitations, exclusions, and coverages therein.

35.

Defendants lack sufficient information or knowledge at this time to ascertain additional affirmative defenses and reserves the right to supplement and/or amend this Answer or defenses to assert additional affirmative defenses and/or file incidental demands such as further discovery

in this matter may warrant and require and/or as additional information and facts become known prior to trial.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues and claims for which a trial by jury is available under the applicable laws.

**WHEREFORE,** the premises considered, defendants, Defendants, TDN Logistics, LLC, United Wisconsin Insurance Company and Jon D. Hernandez, pray their Answer to Plaintiff's Petition for Damages and the First Amended Petition for Damages, be deemed good and sufficient and that, after due proceedings are had, this Court issue an Order granting a trial by jury on all issues and claims and, further, that there be judgment herein in Defendants' favor and against Plaintiff, dismissing Plaintiff's suit at her costs, with prejudice, and that Defendants be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

**PERRIER & LACOSTE, L.L.C.**

 */s/ Kristie L. Mouney*
_____
**GUY D. PERRIER, #20323**
**KRISTIE L. MOUNEY, #29958**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
gperrier@perrierlacoste.com
kmouney@perrierlacoste.com
Tel: (504) 212-8820
Fax: (504) 212-8825
**ATTORNEYS FOR DEFENDANTS,**
*TDN Logistics, LLC, United Wisconsin Insurance Company and Jon D. Hernandez*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 31st day of May, 2023, at their last known address of record.

                                */s/ Kristie L. Mouney*
                                _____
                                **KRISTIE L. MOUNEY**