UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MYESHA COLLIER** | * | CIVIL ACTION NO.: 3:23-cv-00191 |
| | * | |
| | * | DISTRICT JUDGE: |
| **VERSUS** | * |     SHELLY D. DICK |
| | * | |
| **TDN LOGISTICS, LLC;** | * | MAGISTRATE JUDGE: |
| **UNITED WISCONSIN INSURANCE** | * |     RICHARD L. BOURGEOIS |
| **COMPANY, AND JON D. HERNANDEZ** | * | |
| | * | |

**************************************************************************

## STATUS REPORT

**A.   JURISDICTION**

This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a).

**B.   BRIEF EXPLANATION OF THE CASE**

    1.    <u>Plaintiff's Claims:</u>

Plaintiff Myesha Collier's ("Plaintiff") claims in this case arise out of injuries and damages she sustained as a result of a motor vehicle accident on December 16, 2021. On the date of the accident, Plaintiff was operating her 2021 Hyundai Elantra vehicle driving northbound on LA Highway 3002 in Denham Springs, Louisiana. Plaintiff was stopped at a stop sign and was attempting to make a left-hand turn, which required crossing lanes of traffic into a neutral ground/turning lane. Plaintiff asserts that the traffic, including TDN Logistics, Inc's driver, Jon Hernandez, was at a complete stop due to a red light. Defendant Hernandez told the responding officer that he was stopped due to the red light at Lakeland Blvd. Plaintiff then attempted to cross, and did cross, in front of the stopped traffic to reach the neutral ground/turning lane. Plaintiff crossed in front of Defendant Hernandez's vehicle. When Plaintiff's vehicle was approximately more than half-way out of Defendant Hernandez's lane of traffic, Defendant Hernandez started moving and

struck Plaintiff's vehicle.

The impact of the 2017 Kenworth tractor-truck and trailer injured Plaintiff's cervical spine, lumbar spine, and shoulder. Plaintiff was involved in an earlier single-car accident on December 8, 2021 when her drive shaft broke and her car became disabled. Plaintiff sought treatment at the emergency room and was diagnosed with post-concussion syndrome. She did not complain of neck pain or shoulder pain after that accident. Plaintiff was also the passenger in a vehicle on January 3, 2022, which was driven by her daughter. The trunk on the driver's side of the vehicle Plaintiff occupied was hit by the back passenger's side of another vehicle making a turn. The vehicle Plaintiff was occupying was stationary.

Following the accident that forms the basis of this lawsuit as well as the January 3, 2022 accident, Plaintiff sought treatment for left cervical radiculopathy and left shoulder pain. Plaintiff engaged in a full course of physical therapy. A March 8, 2022 cervical MRI confirmed a bulging disc and pinched nerve at C7. Plaintiff underwent cervical ESIs in April of 2022 and June of 2022. After failing conservative treatment for cervical radiculopathy and pain, Plaintiff underwent an Anterior Cervical Discectomy and Fusion at C5-7 in December of 2022.

Plaintiff ultimately filed suit against the Defendants on December 7, 2022 in the 19th Judicial District Court. Plaintiff alleges that the Defendants were negligent and that Defendant Hernandez was an employee of TDN Logistics and was acting in the course and scope of his employment while driving the 2017 Kenworth tractor-truck and trailer with the consent and permission of the accident. Defendants subsequently removed the case to this Court, where it is currently pending.

2. <u>Defendants' Claims:</u>

This case arises out of a motor vehicle accident that occurred on or about December 16, 2021. Plaintiff, Myesha Collier, while operating her 2021 Hyundai Elantra, attempted to cross over

two lanes of northbound traffic in order to take a left turn out of gas station. She failed to yield to the traffic that was properly located in the northbound lanes on LA Hwy 3002. Plaintiff was 100% at fault for the accident in question. Further, as to medical causation, Plaintiff has an extensive history of prior accidents and incidents, not including the one accident mentioned above and the subsequent accident mentioned above. Any injury claimed by Plaintiff in this lawsuit was not as a result of this accident, but rather either pre-existed the accident itself or happened in a subsequent accident.

**C.   PENDING MOTIONS**

There are no pending motions at this time.

**D.   ISSUES**

1. <u>Plaintiff:</u>

    (a)   What, if any, comparative fault does Plaintiff have for crossing in front of stopped traffic—including crossing in front of Defendant Hernandez's vehicle which was at a complete stop. In dispute.

    (b)   The training Defendant Hernandez received and whether Defendant Hernandez's actions fell below the heightened duty as a commercial truck driver that resulted in the December 16, 2021 accident. In dispute.

    (c)   The extent to which the January 3, 2022 accident aggravated Plaintiff's injuries received in the December 16, 2021 accident. In dispute.

2. <u>Defendants:</u>

    (a)   Whether Plaintiff was 100% at fault for the accident in question;

    (b)   Whether Plaintiff acted in a reasonable and proper manner;

    (c)   Whether the motor vehicle accident caused the injuries claimed by Plaintiff;

3

  (d)  The nature and extent of the injuries claimed by Plaintiff;

  (e)  The nature and extent of injuries sustained by Plaintiff prior to and subsequent to this accident;

  (f)  The failure to notify Defendants on an impending surgery and whether or not this should be considered expoliation of evidence.

  (g)  Any and all other issues of law which may arise during the trial or litigation.

**D. DAMAGES**

 1. <u>Plaintiff's Calculation of Damages:</u>

  A calculation of Plaintiff's damages is unknown at this time.

 2. <u>Defendants' Calculation of Damages:</u>

  Defendants are not currently aware of Plaintiff's calculation of damages.

**E. SERVICE**

 There are no issues related to service as to the Defendants.

**F. DISCOVERY**

 1. <u>Initial Disclosures</u>:

  (a)  Have the initial disclosures required under FRCP 26(a)(l) been completed?

    [ ] YES  [X] NO

    In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

  (b)  Do any parties object to initial disclosures?

    [ ] YES  [X] NO

      For any party who answered *yes*, please explain your reasons for objecting.

2. <u>Briefly describe any discovery that has been completed or is in progress:</u>

 (a) <u>By Plaintiff:</u>

Plaintiff has served her Rule 26 Initial Disclosures and have propounded an initial round of interrogatories and requests for production. No depositions have been taken or scheduled at this time.

 (b) <u>By Defendant(s):</u>

Defendants will serve their Rule 26 Initial Disclosures in accordance with the Court's Scheduling Order. Defendants have propounded a set of Interrogatories and Requests For Production of Documents upon Plaintiff.

3. <u>Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.</u>

 None at this time.

4. <u>Discovery from Experts:</u>

 (a) <u>By Plaintiff:</u>

Plaintiff has not yet retained any experts, but reserves the right to retain and seek expert testimony regarding issues of liability, damages, economic, vocational, human resources, or medical issues, and will designate and provide reports as required by this Court.

 (b) <u>By Defendants:</u>

Defendants anticipate that they will likely retain an expert to conduct an IME and render a report regarding his/her opinions on causation, appropriateness of treatment, and necessity of future or additional treatment to Plaintiffs. The timing and selection of said expert will depend on

Plaintiff's course of treatment. To the extent that Plaintiff retains a life-care planner and/or economist. Defendants would also anticipate retaining their own experts in those fields to render opinions on those topics. Defendants may also retain an expert regarding accident reconstruction.

G.     **PROPOSED SCHEDULING ORDER**

|    | **Event** | **Proposed Deadline** |
|---|---|---|
| 1. | Exchange of Initial Disclosures | July 24, 2023 |
| 2. | Amendment of Pleadings and Joining of Additional Parties | August 24, 2023 |
| 3. | Filing all Discovery Motions and Completing all Discovery Except Experts | January 24, 2024 |
| 4. | Disclosure of Identities and Resumes of Expert Witnesses | Plaintiff: January 24, 2024<br>Defendants: March 11, 2024 |
| 5. | Exchange of Expert Reports | Plaintiff: April 11, 2024<br>Defendants: May 13, 2024 |
| 6. | Completion of Discovery from Experts | July 15, 2024 |
| 7. | Filing Dispositive and *Daubert* Motions | *Daubert* Motions: August 15, 2024<br>Dispositive Motions: September 15, 2024 |

8.     All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

   a.   Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

   e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

   f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

 9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**H. TRIAL**

 1. Has a demand for trial by jury been made?

  [x] YES [] NO

 2. Estimate the number of days that trial will require.

  The parties estimate that the trial will require five (5) days.

**J. OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

 [ ] YES [X] NO

 1. If the answer is *yes*, please explain:

 2. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF**

**YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X]  YES      [ ] NO

**K.     SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date:

    None.

2.    Do the parties wish to have a settlement conference?:

    [X ]   YES     [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

The parties believe that a settlement conference would be most beneficial following the completion of discovery, but before dispositive motions are due.

**L.     CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]  YES      [X] NO


Report dated:  June 22, 2023

                                                            Respectfully submitted,

                                                            */s/ Jamie F. Gontarek*
                                                            Jamie F. Gontarek (#37136)
                                                            Lewis O. Unglesby (#12498)
                                                            Lance C. Unglesby (#29690)
                                                            Adrian M. Simm, Jr. (#36673)
                                                            **Unglesby Law Firm**
                                                            112 Founders Dr.
                                                            Baton Rouge, Louisiana 70130
                                                            Telephone: (225) 387-0120
                                                            Facsimile: (225) 336-4355
                                                            jamie@unglesbylaw.com

*Counsel for Plaintiff*

**PERRIER & LACOSTE, L.L.C.**

 */s/ Kristie L. Mouney*
_____
**GUY D. PERRIER, #20323**
**KRISTIE L. MOUNEY, #29958**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
gperrier@perrierlacoste.com
kmouney@perrierlacoste.com
Tel: (504) 212-8820
Fax: (504) 212-8825
**ATTORNEYS FOR DEFENDANTS,**
**TDN Logistics, LLC, United Wisconsin**
**Insurance Company and Jon D.**
**Hernandez**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system. Notice and a copy of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated this 22nd day of June 2023, in New Orleans, Louisiana.

 */s/ Jamie F. Gontarek*
Jamie F. Gontarek